Brian L. SMITH, Plaintiff–Appellant,

v.

TOWN OF EATON, INDIANA, Town Board of Eaton and its Members, Ronald Haggard, as board member and individually, Gale Pitman, as board member and individually, David Williams, as board member and individually, Andy Cavanaugh, as board member and individually, Charles Hicks, as board member and individually, Don Mitchell, as board member and individually, Jimmie Vance, as Town Marshall and individually, and Does 1 thru 5, Defendants–Appellees.

No. 89–2563.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1990.

Decided Aug. 21, 1990.

Rehearing Denied Oct. 17, 1990.

following his termination as a police officer for the Town of Eaton. Mr. Smith's complaint asserted that his dismissal violated his constitutional right to procedural due process, substantive due process, and equal protection. The district court granted the defendants' motion for summary judgment, and Mr. Smith appealed. For the following reasons, we affirm the judgment of the district court.

## I

We must begin with an observation fortunately not necessary in too many cases that come before us. The appellant's brief is rambling, almost totally incomprehensible in its treatment of the issues and legal principles. The treatment of the factual background of the case is similarly lacking. It is well established that it is the duty of attorneys preparing cases for this court to examine carefully the law and apply it in a cogent fashion to the facts of the case. Under Rule 28(a)(4) of the Federal Rules of Appellate Procedure, counsel is required to present a brief that contains "the contentions of the appellant with respect to the issues presented, and the reasons therefor." We have noted that this rule requires counsel to present its arguments in a professional manner. *John v. Barron,* 897 F.2d 1387, 1393–94 (7th Cir.1990). Unprofessional presentation of arguments not only is a disservice to this court, but also "is a disservice to other litigants," who must wait while this court is forced to undertake the extra duty of formulating counsel's arguments. *Bonds v. Coca–Cola Co.,* 806 F.2d 1324, 1328 (7th Cir.1986). Especially now, when the court system is burdened to capacity, and when judicial resources are stretched to the very limit, our fiduciary duty to the institution we serve and to *all* the litigants who come before us requires that we be vigilant in enforcing the bar's responsibility to present issues clearly and comprehensively.[1]

Thomas D. Margolis, Muncie, Ind., for plaintiff-appellant.

David S. Wallace, Bruce W. McLaren, Todd I. Glass, Warner, Wallace, McLaren & Dague, Muncie, Ind., for defendants-appellees.

Before CUDAHY, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Brian Smith filed a complaint under 42 U.S.C. § 1983 on May 6, 1988, the day

---

1. The duty that the bar owes to this court is mirrored by counsel's duty to represent clients competently. As stated by Rule 1.1 of the ABA Model Rules of Professional Conduct: "A lawyer shall provide competent representation to a client. Competent representation requires the

This case presents a somewhat different problem from the cases in which we usually invoke Rule 28. Most of our cases have involved instances where counsel's submission is far too abbreviated and sketchy.[2] In those cases, we have stated repeatedly that this court cannot be called upon to supply the legal research and organization to flesh out a party's arguments. *See John,* 897 F.2d at 1393; *Zelazny v. Lyng,* 853 F.2d 540, 542 n. 1 (7th Cir.1988); *Beard v. Whitley County REMC,* 840 F.2d 405, 408–09 (7th Cir.1988); *Bonds,* 806 F.2d at 1328; *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987). We see no functional difference between a brief containing a mere passing reference to a legal argument and one with a shallow, incoherent "argument" that spans twenty-five pages, the situation presented here. In both instances, the court is frustrated in performing its function of review and evaluation of the judgment before it.

Indeed, when the entire brief exhibits lack of attention, we are confronted with a particularly difficult situation. We recently have made it clear that we shall not hesitate to dismiss an appeal due to poorly prepared and researched briefs. *See John,* 897 F.2d at 1393 ("[W]e warned that one day the penalty for a perfunctory appeal could be dismissal of the appeal. That day has arrived.") (citation omitted); *cf. Spartacus, Inc. v. Borough of McKees Rocks,* 694 F.2d 947, 950 (3rd Cir.1982) (Garth, J., dissenting) (dismissal of appeal appropriate when party does not present a court with complete brief).[3] This case comes close—very close—to meriting that sanction.

However, because we can glean—albeit faintly—the basic facts and the general lines of argument from the briefs and record, we shall deal, as best we can under the circumstances, with what appear to be the basic contentions of the appellant.

## II

Brian Smith had been employed as a police officer for the Town of Eaton since 1986. Beginning apparently in late 1987, Mr. Smith engaged in several activities that drew the attention of his supervisors and ultimately resulted in two suspensions of ten days each to be carried out in January and February, 1988. On May 5, 1988, the Town Board of Eaton met to investigate additional complaints against Mr. Smith. At that meeting the Board voted to dismiss Mr. Smith for conduct unbecoming a police officer, pursuant to Indiana Code § 36–8–3–4.

## III

Mr. Smith alleges three constitutional violations to support his section 1983 claim. First, he argues that he was denied procedural due process. A due process claim (procedural or substantive) must be based on a violation of a protected liberty or property interest. *Bishop v. Wood,* 426 U.S. 341, 343, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). On the record before us, we see no reason to question that Mr. Smith had a property interest in his employment that was implicated by the ten day suspensions and his ultimate dismissal.[4] However, his claim cannot succeed if

legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

**2.** *See Bonds v. Coca–Cola Co.,* 806 F.2d 1324, 1328 (7th Cir.1986) ("collateral allusions to a legal issue do not require the court to decide difficult questions"); *cf. United States v. White,* 879 F.2d 1509, 1513 (7th Cir.1989) (argument raised in passing in a footnote deemed waived), *cert. denied,* — U.S. —, 110 S.Ct. 1471, 108 L.Ed.2d 609 (1990); *Lachman v. Illinois State Bd. of Educ.,* 852 F.2d 290, 291 n. 1 (7th Cir.) (issue is waived due to party's failure to present substantive argument), *cert. denied,* 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988).

**3.** Other federal appellate courts have recognized that dismissal as a sanction for poorly presenting a case on appeal is a necessary and salutary measure. *See* Annotation, *Sanctions, in Federal Circuit Court of Appeals, for Failure to Comply with Rules Relating to Contents of Briefs and Appendixes,* 55 A.L.R. Fed. 521, 526–27 (1981) (collecting cases).

**4.** Indiana Code § 36–8–3–4(b) permits suspension or dismissal of a police officer, but only upon the occurrence of several enumerated reasons. This court has interpreted a predecessor statute of section 36–8–3–4 to provide a property interest. *Parrett v. City of Connersville, Ind.,* 737 F.2d 690, 694 (7th Cir.1984) (in the context of a

the procedures he received were constitutionally adequate. The Supreme Court has established that an employee possessing a property interest in his job must be given notice and an opportunity to be heard prior to discipline. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985) (dismissal); *see also Garraghty v. Jordan*, 830 F.2d 1295, 1299–1300 (4th Cir.1987) (applying *Loudermill* to five day suspension); *Pesce v. J. Sterling Morton High School*, 830 F.2d 789, 793 (7th Cir.1987) (same); *cf. Goss v. Lopez*, 419 U.S. 565, 581, 95 S.Ct. 729, 739, 42 L.Ed.2d 725 (1975) (requiring notice and opportunity to be heard before student may be suspended). The Supreme Court has made clear that this procedure need not be elaborate and can be satisfied with less than a full evidentiary hearing. *Loudermill*, 470 U.S. at 545, 105 S.Ct. at 1495.

■ The district court found that Mr. Smith received notice and a hearing prior to his ten day suspension in January and his dismissal in May. Mr. Smith has presented no argument that would allow us to call this determination clearly erroneous.[5] The district court did not make a specific finding that Mr. Smith received notice before his ten day suspension in February, but Mr. Smith admits in his brief that he received notice. Appellant's Br. at 7. We conclude, therefore, that Mr. Smith received adequate procedure to satisfy the constitutional requirements of notice and an opportunity to be heard.

■ Mr. Smith's other two constitutional arguments border on the frivolous and will be discussed only briefly. Mr. Smith asserts that the actions by the Town Board of Eaton violated his substantive due process rights. The board's actions of suspending and ultimately dismissing Mr. Smith are based on several problems related to Mr. Smith's work, including an altercation with another officer, failure to follow procedure, and a written complaint by a citizen regarding Mr. Smith's performance of his duties. R. 18 Ex. 4; R. 20 Exs. A & D; R. 21 at 4. In the face of these incidents, Mr. Smith presents no argument nor alleges any facts that would support a finding that the board's action was arbitrary or capricious. We conclude, therefore, that Mr. Smith's substantive due process claim has no merit.

■ Mr. Smith's equal protection argument similarly is meritless. He claims that the town board had information regarding complaints against two other officers and did not suspend or dismiss them. Appellant's Br. at 15. An equal protection claim must be based on "intentional discrimination against [the plaintiff] because of his membership in a particular class, not merely [because] he was treated unfairly as an individual." *Huebschen v. Department of Health and Social Servs.*, 716 F.2d 1167, 1171 (7th Cir.1983); *see also Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir.1989),

dismissal), *cert. dismissed*, 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985). An Indiana court came to the opposite conclusion when it interpreted the predecessor statute. *Dunlap v. Cross*, 403 N.E.2d 885, 887–88 (Ind.Ct.App.1980). It appears that the *Dunlap* court placed great emphasis on the lack of appellate recourse in the statute for a suspension of less than 10 days. But as the Supreme Court has made clear, state procedures do not in themselves decide the question of whether a property interest has been created. *Olim v. Wakinekona*, 461 U.S. 238, 250–51, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983); *Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). Because we treat Mr. Smith's suspensions, no matter what their length, as constituting the deprivation of a property interest, we need not concern ourselves with counsel's convoluted and at times incomprehensible time computations.

5. In conclusory fashion, Mr. Smith asserted in his brief to this court that he was "not able to defend himself prior to any of the numerous disciplinary actions and ultimately his termination." Appellant's Br. at 16. The minutes from the town board's May 5 executive session in which Mr. Smith was formally discharged indicate that Mr. Smith was present. R. 18 Ex. 4. In addition, Mr. Smith admits in an affidavit that he was present at the executive session on December 29, 1987 at which his first 10 day suspension was discussed, R. 21 at 5, and the minutes of that meeting indicate that Mr. Smith participated by asking questions. R. 21 Ex. 1. While mere presence is not enough to satisfy the requirement that an employee be given an opportunity to be heard prior to an action that infringes a property interest, Mr. Smith never has contended that he was prevented from speaking at the meetings.

*cert. denied,* —— U.S. ——, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990). Mr. Smith does not allege such class-based discrimination, and therefore this claim also fails.

## IV

■ Having disposed of the substantive issues before us, we now turn to the matter of sanctions. We must conclude that appellant's counsel's performance in this appeal has been substandard. We have been impeded in our review of the case and valuable time has been lost. We first admonish counsel that such performance is not to be repeated. Any such repetition may well result in suspension from practice before this court. Second, we fine counsel five hundred dollars ($500), payable within thirty days to the clerk of this court by certified check made payable to the Treasurer of the United States. This fine is imposed both as a deterrent and to compensate the government, at least in part, for the inordinate expenditure of time required. *See Westinghouse Elec. Corp. v. NLRB,* 809 F.2d 419, 425 (7th Cir.1987) (counsel fined $1,000 for filing excessively lengthy brief and "correcting" the error by changing the format; this action required the panel to read two sets of briefs); *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir.1986) ($500 sanction payable to clerk imposed *sua sponte*); *Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir.1986) (fine of $1,500 imposed as sanction "to regulate the docket, promote judicial efficiency, and most importantly in this case, to deter frivolous filings"). This fine is not to be paid by—or passed on to—the appellant. It is imposed on counsel alone.

### Conclusion

Accordingly, the judgment of the district court is affirmed. The appellee may recover the usual costs. Sanctions against the appellant's attorney are imposed.

AFFIRMED WITH SANCTIONS

CUDAHY, Circuit Judge, concurring:

This is a troubling case, first, because of the plaintiff's garbled argument, which the majority describes, and second, because the defendants rely primarily on the availability of state appellate procedures to satisfy the requirements of due process. The district court accorded some weight to the defendants' position on this latter point. As the majority holds, *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and numerous other authoritative cases require that for a public employee to be deprived of his property interest in his job, notice and a *pre*-deprivation hearing are required. State post-deprivation remedies do not suffice, and their availability is irrelevant here.

There may indeed be substantial reasons to remand the case to explore Smith's apparent claim of denial of notice and an opportunity for a hearing, but I find it difficult to disagree that Smith has failed adequately to explain the alleged absence of notice and of an opportunity for a hearing, which are presumably the gist of his complaint. Smith loses because of these deficiencies in the presentation of his case on appeal, not because state appellate remedies were available.

FLAUM, Circuit Judge, concurring.

I concur in the well-reasoned judgment of the Court on the merits of the case. While the majority opinion accurately reflects the inadequacies of the appellant's brief and the attendant frustrations involved in addressing such a work product, I would forego the public admonition and imposition of a pecuniary sanction in this case. Respectfully, if not regretfully, I have concluded that the papers and argument presented to this Court may well be the product of a current lack of capacity for the appellate craft rather than a formulated indifference to the standards required of counsel in this Court. I would simply urge that counsel seriously ponder further personal preparation and possibly the obtaining of outside professional assistance before attempting to sail again on the Seventh Circuit seas.

Furthermore, since this particular unsatisfactory performance is somewhat unique

and not representative of the general level of legal competence displayed before this Court, a non-published admonishment, in my view, would have sufficed.