929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herbert DELLENBACH, Plaintiff-Appellant,
v.
G. Michael BROGLIN, D.B. Jordan and Anthony Metzcus, et al.,
Defendants-Appellees.
 No. 90-1979.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1991.*
Decided April 2, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, Nos. 87 C 230, 87 C 319, 87 C 359, 87 C 402, 87 C 403, 87 C 404, 87 C 422, 87 C 469, 87 C 470, 87 C 471, 87 C 498, 87 C 500, 87 C 650, 88 C 143, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before BAUER, Chief Circuit Judge, CUMMINGS, Circuit Judge and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Herbert Dellenbach is an inmate at the Westville Correctional Center, Westville, Indiana. Dellenbach initiated fourteen separate lawsuits under 42 U.S.C. Sec. 1983 complaining about various aspects of his confinement. These suits were consolidated in the district court. On April 16, 1990, the district court granted summary judgment to all defendants on all of Dellenbach's claims.
 
 
 2
 On appeal, Dellenbach claims that Judge Sharp was biased and granted summary judgment because Dellenbach filed a motion for recusal. Dellenbach also challenges the sufficiency of one affidavit used to counter an eighth amendment claim alleging deliberate indifference in failing to treat a known medical condition. Dellenbach also generally contends that the defendants failed to meet their burden of demonstrating the absence of material factual disputes. Thus, summary judgment is supposedly inappropriate. Although Dellenbach never responded to the defendants' motion for summary judgment, he asks "this court to properly determine if any genuine issues of material fact remained to be tried by jury, and reverse and remand the decision of the court below." (Appellant's Brief, p. 5).
 
 
 3
 Before the court entered summary judgment in favor of the defendants, Dellenbach filed a motion requesting the recusal of the district court judge. This motion, however, was not accompanied by an affidavit stating the facts and the reasons be believed the judge was biased as required by 28 U.S.C. Sec. 144. "[F]ailure to file a 'timely and sufficient' affidavit precludes us from considering a claim of actual bias under section 144 due to the ... failure to properly raise it below." United States v. Towns, 913 F.2d 434 (7th Cir.1990).
 
 
 4
 Dellenbach challenges the sufficiency of one affidavit submitted to refute his claim that the defendants failed to provide proper medical care for his medical condition known as Meniere's Disease. Appellant contends that the affidavit is unreliable because Dr. Sango, the affiant, is not a Meniere's Disease specialist and that the affidavit contains hearsay. We have reviewed the affidavit, and we disagree with Dellenbach's characterization. Dr. Sango's affidavit reveals that he is a medical doctor licensed to practice in Indiana and that he was employed by the Westville Correctional Center. The affidavit states that he has both examined Dellenbach and reviewed his medical file. We find nothing in the affidavit that is hearsay. Although Dr. Sango may not be a specialist on Meniere's Disease, he did review the reports of other physicians who were specialists in this area. In short, we do not find this affidavit defective.
 
 
 5
 The rest of this appeal must be dismissed for failure to comply with Rule 28(a)(4) of the Federal Rules of Appellate Procedure which requires that an appellant's argument "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Dellenbach's appellate brief contains only two pages of typewritten "argument" in which he asks us to reinstate fourteen consolidated lawsuits. The record on appeal consists of seventeen volumes of pleadings and one transcript. Dellenbach claims that there are genuine issues of material fact, but he fails to tell us what facts are in dispute or why the evidence submitted by the defendants is legally insufficient. In essence, he asks this court to scour the record to find genuine issues of material fact. We decline to do so. "This court cannot be called upon to supply the legal research and organization to flesh out a party's arguments." Smith v. Town of Eaton, Ind., 910 F.2d 1469, 1471 (7th Cir.1990) (citing John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990); Zelazny v. Lyng, 853 F.2d 540, 542 n. 1 (7th Cir.1988); Beard v. Whitley County REMC, 840 F.2d 405, 408-09 (7th Cir.1988); Bonds v. Coca-Cola Co., 806 F.2d 1324, 1328 (7th Cir.1986); Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir.1986), cert. denied, 479 U.S. 1056, 107 S.Ct. 933 (1987).[1]
 
 The decision of the district court is
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 We recognize that Dellenbach is proceeding pro se. However, this does not change our ruling. See Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989)