951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William C. BIGBY, Curtis B. Bonds and Maurice Brown, et al.,
Plaintiffs, and, Ann Erwin, Linda L. Nelson and
Patricia A. Riegler, et al.,
Plaintiffs-Intervenors/Appellants,
v.
CITY OF CHICAGO, a municipal corporation, Jesse Hoskins and
Octavio Mateo, et al., Defendants-Appellees.
UNITED STATES of America, Plaintiff, and, Robert Petit,
Robert Siwek, George Bowness, et al., Plaintiffs-Appellants,
v.
CITY OF CHICAGO, a municipal corporation, Jesse Hoskins,
Leroy Martin and Fred Rice, Defendants-Appellees.
William C. BIGBY, and subclass "B" of the plaintiff class,
Curtis B. Bonds and Maurice Brown, et al.,
Plaintiffs, and Mary Ellen O'Connor,
Intervening Plaintiff-Appellant,
v.
CITY OF CHICAGO, a municipal corporation, Jesse Hoskins and
Octavio Mateo, et al., Defendants-Appellees.
 No. 90-3506.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 19, 1991.
Decided Dec. 13, 1991.
Rehearing and Rehearing En Banc Denied
Feb. 4, 1992.
 
 Before Coffey and Easterbrook, Circuit Judges and Fairchild, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1973, the United States filed a complaint against the City of Chicago alleging race and sex discrimination in the hiring and promotion of police officers. Judge Marshall, Northern District of Illinois, held that the City was knowingly discriminating against blacks, hispanics, and women and ordered the City to hire and promote a certain percentage of disadvantaged persons. United States v. City of Chicago, 411 F.Supp. 218 (N.D.Ill.1976), aff'd in part, 549 F.2d 415 (7th Cir.1977). A second complaint was filed against the City of Chicago in 1980 by a group of black police sergeants, including William Bigby. The sergeants challenged the police department's promotional test as a violation of Title VII. Judge Marshall held that the test violated Title VII and ordered that the City, with his supervision, develop a fair test. Bigby v. City of Chicago, No. 80 C 5246 (N.D.Ill.1984). On March 14, 1988, Judge Marshall approved a list of eligible candidates for promotion to lieutenant based upon the results of a newly developed promotional test. Bigby v. City of Chicago, No. 80 C 5246, 1988 U.S.Dist. LEXIS 2257 (N.D.Ill. March 14, 1988).
 
 
 2
 Ann Erwin and a number of other police officers subsequently intervened in Bigby v. Chicago. Likewise, a group of police officers, including Robert Petit, intervened in United States v. Chicago. The intervenors in both cases challenged the use of the eligibility list as a violation of the equal protection and due process clauses of the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1985(3) and 1986. The intervenors also alleged a state law claim for breach of a contractual obligation created by the City's personnel rules and regulations.
 
 
 3
 The City filed motions, in both United States v. Chicago and Bigby v. Chicago, to dismiss the intervenors' complaints for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6). The district court granted the motion to dismiss as to all equal protection claims, except those related to the statistical standardization of test scores by race. The court found that the other equal protection claims alleged only actions that applied equally to all candidates regardless of race and, thus, did not allege a discriminatory effect. The district court dismissed the intervenors' procedural and substantive due process claims because it found the intervenors had no property or liberty interest in a particular spot on the promotion list, promotion to a particular rank, or a fair test. The district court dismissed the Section 1981 claims as not actionable, pursuant to Patterson v. McLean Credit Union, 491 U.S. 164 (1989). The court found that the denied promotions, alleged in the complaint, would not have constituted new and distinct relationships between the officers and the City if granted. The court also granted the motion to dismiss the intervenors' state contract claims on the grounds that Illinois law did not create a contractual right to a particular promotional test. As to the Sections 1985(3) and 1986 claims, the district court found that the Petit intervenors had alleged a conspiracy but that the Erwin intervenors had not, and thus, the court dismissed the Section 1985(3) and derivative Section 1986 claims only as to the Erwin intervenors.
 
 
 4
 Discovery proceeded on the remaining claims and a trial date of November 5, 1990, was set for both cases. Judge Easterbrook has suggested that there should be a fresh start at this litigation rather than continual intervening complaints. U.S. v. City of Chicago, 894 F.2d 943, 949 (7th Cir.1990) (Easterbrook, J., concurring). Pursuant to that suggestion, the intervenors filed new civil actions which were assigned to other district judges, and they moved in this case for dismissal without prejudice of their entire complaints pursuant to Fed.R.Civ.P. 41(a)(2). As to the claims previously dismissed under Rule 12(b)(6), Judge Marshall held that it would be an abuse of discretion to dismiss previously adjudicated claims without prejudice and dismissed them with prejudice. Judge Marshall granted the motion for voluntary dismissal without prejudice as to the remaining claims of the complaints. Bigby v. City of Chicago, 752 F.Supp. 252 (N.D.Ill.1990). The Erwin and Petit intervenors now appeal.
 
 DISCUSSION
 
 5
 The intervenors moved to disqualify the plaintiffs' attorneys, Kenneth Flaxman and Stephen Seliger. In the district court, the intervenors argued that Flaxman and Seliger did not represent parties with any interest in the present litigation, that Flaxman and Seliger would be witnesses in the case, and that they had a conflict of interest. The district court denied the motion. Bigby v. City of Chicago, No. 80 C 5246 (Bucklo, Mag., Sept. 11, 1990). The intervenors renew their motion in this court based upon the argument that Flaxman and Seliger do not represent parties with any interest in the litigation. Judge Marshall allowed the original litigation to proceed as a class action on behalf of a plaintiff class certified by the district court. The plaintiff class includes all black sergeants who applied for promotion to lieutenant in 1977 and were adversely affected by the City's promotional process. Bigby v. City of Chicago, Marshall, J., May 15, 1981. Flaxman and Seliger have represented the plaintiff class throughout this litigation. The original litigation resulted in a holding that the City's promotional test violated Title VII. As a remedy for that violation, Judge Marshall ordered that the City develop a fair test. The eligibility list, which the intervenors now challenge, was the product of Judge Marshall's order in the original litigation. The plaintiff class, represented by Flaxman and Seliger, surely have an interest in the validity of a remedy ordered on their behalf. As Magistrate Bucklo found, if the intervenors succeed, the plaintiff class "may lose promotions they have already been granted" based upon the eligibility list or "be placed lower on the promotion list than they are currently placed." We find that the district court properly denied the intervenors' motion for disqualification of plaintiffs' attorneys.
 
 
 6
 The Petit intervenors also argue that the district court should have granted their motion to file a second amended complaint. Their brief says only that "[t]he new complaint contains allegations based upon documents produced in discovery." There is no explanation of how the new material would affect the claims dismissed with prejudice now on appeal.
 
 
 7
 The City argues that the intervenors cannot challenge the dismissal of their claims with prejudice because the intervenors voluntarily agreed to the dismissal with prejudice in return for dismissal of all claims. The intervenors, however, originally moved for dismissal of all claims without prejudice. The City asserts that at the hearing the intervenors consented to dismissal with prejudice of their claims earlier dismissed on motion. The record does not clearly show such consent. Therefore, we must treat the dismissal with prejudice as an involuntary adverse judgment based on the merits of those claims. The issue on this appeal would then be whether the earlier dismissals for failure to state a claim were erroneous.
 
 
 8
 We find it impossible to address that issue because of the inadequacies of the Appellants' brief. The Appellants' attorney has failed to make an adequate presentation of the issues.
 
 
 9
 The Appellants' brief mentioned six issues, some of a complex, constitutional nature, devoting only eleven pages to all six issues. Complex issues of equal protection and due process were given only cursory treatment. For example, the Appellants' brief included only one and a half pages of argument on their complex equal protection claims and one-half of a page on the dismissal of their Section 1981 claims pursuant to Patterson.
 
 
 10
 The brief description we have given of the district court's reasons for dismissal of the intervenors' claims is our own. Appellants' briefs did not provide it, let alone demonstrate why the reasons were in error.
 
 
 11
 Overall, the Appellants' argument was sketchy and some sections were almost completely incomprehensible. The brief mentions several decisions as authority for different propositions but does not explain how those decisions apply to the facts of this case. Ideas are briefly thrown out to the reader with no argument developed in support of those ideas. The brief seems to be simply suggesting possible arguments for the Appellants' position rather than actually making those arguments.
 
 
 12
 Appellants' appendix, bound with the brief, totalled 134 pages. The judgments appealed from and the district court opinion accounted for 21 pages. These were the documents required to be bound with the main brief, Circuit Rule 30(a). Because additional contents pursuant to Circuit Rule 30(b) brought the total pages above 50, they should have been bound separately. More importantly, there were 13 separate items in the appendix, ranging in size from 1 to 37 pages. There were no marginal tabs indicating where the separate items could be found and the appendix was not paginated sequentially, so that particular items and particular pages within them could be readily located while reading the briefs or at oral argument.
 
 
 13
 Rule 28(a)(4), Fed.R.App.P., requires that the argument section of a brief to this court "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." This court has long held that it is the duty of the attorneys "to examine carefully the law and apply it in a cogent fashion to the facts of the case." Smith v. Town of Eaton, Inc., 910 F.2d 1469, 1470 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991). This court is not obligated to research and construct possible arguments for the parties, particularly when the parties are represented by counsel. John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990). The inadequacies of the Appellants' brief have, essentially, deprived us of an adversarial presentation of the issues. A decision based upon inadequate argument inherently has an increased danger of error which this court must avoid. Bonds v. Coca-Cola Co., 806 F.2d 1324, 1329 (7th Cir.1986). Based upon the woeful inadequacy of Appellants' argument in this case, we find it impossible to make any determination whether there was error in the district court's judgment.
 
 
 14
 The judgment of the district court is AFFIRMED.