Dan HARRISON, Plaintiff–Appellant,

v.

CITY OF GREENFIELD, INDIANA; Greenfield Board of Public Works and Safety, and Robert F. Butler, as Chief of the Greenfield Police Department, Defendants–Appellees.

No. 91–2697.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1992.

Decided July 8, 1992.

David T. Hasbrook (argued), Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, Ind., for plaintiff-appellant.

Forrest Bowman, Jr. (argued), Bowman, Emery & Hill, Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and SHADUR, District Judge.*

PER CURIAM.

Plaintiff Dan Harrison is a police lieutenant in Greenfield, Indiana. He filed a two-count complaint against that city, its Board of Public Works and Safety, and its Chief of Police claiming that they violated 42 U.S.C. § 1983 by depriving him of property without due process of law and by violating his right to free speech. The district court granted defendants' motion for summary judgment, thus prompting this appeal.

On March 29, 1989, defendant Police Chief Butler distributed a "Written Order" instructing members of the Greenfield Police Department not to carry holsters other than those issued by the Department. On May 1, 1989, he distributed a "General Order" forbidding use of Department vehicles by police officers for "part-time jobs."

During this period, defendant City had in effect Ordinance No. 1974–1, and Section

* The Honorable Milton I. Shadur, District Judge for the Northern District of Illinois, is sitting by designation.

III of that Ordinance provided in pertinent part:

General Order: A written order issued by the Chief *and approved by the Board* and applicable to the entire Department and which establishes a principle, policy or procedure concerning a given subject and which is effective permanently or until revoked by a subsequent order.

Special Order: A written order issued by the Chief applicable to the entire Department, shifts, or individuals of the Department and which establishes a temporary principle, policy or procedure concerning a given subject for a stated period of time. When the effective period of the special order is not stated, it becomes inoperative with the passing of the incident. (emphasis supplied).

On May 15, 1989, Police Chief Butler requested plaintiff to meet with him to discuss allegations that plaintiff violated the orders with respect to the type of holster to be worn and with respect to off-duty police vehicle use. At the meeting plaintiff claimed that both orders were invalid since they had not been approved by the defendant Board of Public Works and Safety. Plaintiff told the police chief that Department-issued holsters were unsafe because they could not properly secure the Department-issued firearms. He added that he would obey any properly promulgated Department orders. The police chief then said he would file disciplinary charges against plaintiff as soon as possible.

On May 23, plaintiff wrote the police chief reiterating that the Department-issued holsters were not safe. On the same day the police chief spoke to the Mayor of Greenfield, who then told plaintiff that disciplinary charges had been filed against him by the police chief. The mayor also told plaintiff that it would be futile to hire an attorney because he could not prevail. The police chief then entered the room and said he was sick and tired of plaintiff's disobedience.

On May 24, plaintiff received a notice to appear for a hearing before the Board of Public Works and Safety to discuss the charges that plaintiff had used an improper holster contrary to the police chief's March 29 order and that he had improperly used a police vehicle contrary to the police chief's May 1 order. At the conclusion of the August 7 disciplinary hearing, after considering his testimony the Board found that both orders "were properly issued and properly distributed" and that plaintiff was "guilty of insubordination and disobeying direct orders" (Plaintiff's Br. 10) and suspended him for five days without pay. After serving the suspension, plaintiff filed the present complaint for damages and expunction of adverse references on his employment record.

■ The district court granted summary judgment for defendants as to Count II which claimed that plaintiff's First Amendment rights to free speech were violated because the Board refused to hear evidence regarding the unsafe nature of the holsters. The court held that there was no violation of plaintiff's First Amendment rights because the Board's hearing was properly confined to the adjudicative issue of Harrison's failure to comply with Department orders. The Board did not prohibit Harrison from speaking on the safety issue. It just postponed its consideration of that legislative question to a later date. We agree with the district court's reasoning. Harrison has not made a selective prosecution claim or shown that the Board acted unfairly against him. Consequently, the Board's enforcement policy did not violate the First Amendment. *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).

■ As to Count I, the court noted that plaintiff's due process claim arising from his suspension was contingent upon his having a property right in continued employment and held that plaintiff had such a right under *Smith v. Eaton*, 910 F.2d 1469, 1471 n. 4 (7th Cir.1990), certiorari denied, —— U.S. ——, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991). We decline defendants' invitation to overrule this recent decision.

■ Plaintiff's principal due process argument was that Mayor McClarnon, a

Board member, was prejudiced against him. However, there would have been no quorum if the mayor had not participated in the hearing.[1] In rejecting plaintiff's argument that he was entitled to a neutral decisionmaker, Judge Barker held that with respect to his short-term suspension, a pre-deprivation proceeding before a neutral party is not required where, as here, the employee is given an opportunity to answer the charges. This was in accord with *Arnett v. Kennedy,* 416 U.S. 134, 155 n. 21, 163–164, 170 n. 5, 94 S.Ct. 1633, 1645 n. 21, 1648–1649, 1652 n. 5, 40 L.Ed.2d 15 (1974), and *Garraghty v. Jordan,* 830 F.2d 1295, 1299–1302 (4th Cir.1987).

Here plaintiff's only defense was that the police chief's two orders were invalid because they were not properly promulgated, but the Board ruled that the orders were valid and applicable to all officers. In the circumstances, we adhere to *Arnett* and *Garraghty* and hold that plaintiff has not shown a due process violation.

As the district court observed:

> While the government's interest in avoiding undue administrative burdens is not implicated in this case because a meeting of the Board was actually conducted, the government does have an interest in promptly and effectively disciplining employees. The government's interest in curtailing insubordination and enforcing orders is fundamental to the maintenance of public order and safety. Had the Mayor disqualified himself from hearing this matter, a quorum would not have existed, and Harrison's admitted acts of insubordination would have gone unpunished.
>
> This court is persuaded by the logic of the Fourth Circuit's decision in *Garraghty.* The relatively slight deprivation resulting from a short-term suspension, considered in light of the demands emanating from the paramilitary nature of civilian police forces, and the slight risk of an erroneous deprivation (because of Harrison's admission of his violations), prompt the conclusion that no due

process violation has occurred. Any other decision would threaten the ability of police departments to function properly, efficiently and effectively, the larger effect of which would pose a serious danger to the public safety. While the hearing may have been somewhat less than perfect, it satisfied due process requirements.

Although plaintiff relies on *Londoner v. Denver,* 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103 (1908), there the Board of Equalization adopted the assailed resolution without any hearing and adopted an ordinance without affording the affected landowners an opportunity to be heard. Here, of course, the Board of Public Works and Safety gave plaintiff notice of its hearing and permitted him to testify, so that *Londoner* offers no support. Similarly, *Coniston Corporation v. Village of Hoffman Estates,* 844 F.2d 461 (7th Cir.1988), does not assist this plaintiff because he received a hearing in an adjudicative setting as to his non-compliance with police department orders. There was no due process violation.

The judgment granting defendants' motion for summary judgment is affirmed.

---

1. The Board consisted of three members. Since Board member Billings disqualified himself, a quorum would have been lacking if the Mayor also disqualified himself.