993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Billie Austin BRYANT, Plaintiff-Appellant,
v.
Norman A. CARLSON, Director, U.S. Prisons, G.C. Wilkinson,
Director, N. Central Region, G.L. Henman, Warden,
USP Marion and L.D. Sheffer, Education
Program Manager, USP Marion,
Defendants-Appellees.
 No. 89-1357.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 17, 1993.
 
 Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Billie Austin Bryant is a federal prisoner who was shipped off to the federal penitentiary at Marion, Illinois, for disciplinary reasons; Bryant had conceived plans to escape from the federal prison in Leavenworth, Kansas, using a helicopter and heavy weapons. At Marion, Bryant ordered, but prison officials confiscated for security reasons, various magazines and other publications dealing with firearms and other weapons, explosives, and helicopters. Bryant complained, claiming that the material was wrongfully rejected and that the Bureau of Prisons' practices and regulations on censorship of incoming publications were unconstitutional. The district court concluded otherwise and granted summary in favor of the defendants, and Bryant appealed.
 
 
 2
 A plaintiff who appeals the dismissal of his case must tell us why the district court was wrong; the failure to offer any argument gives us nothing to review. Brooks v. Allison Division of General Motors Corp., 874 F.2d 489 (7th Cir.1989) (a brief that contains no argument is frivolous per se; appeal dismissed). The court will not research and construct legal arguments for the litigant. Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990); Smith v. Town of Eaton, 910 F.2d 1469, 1471 (7th Cir.1990); see also John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990) (appeals dismissed due to inadequacy of brief).
 
 
 3
 Bryant's brief contains no argument. Rather, he tells us that we should go and review the record on appeal:
 
 
 4
 "[T]he record below is overflowing with both argument and supporting exhibits filed by [Bryant] in the instant action. A restatement of the supporting laws at this point would only be an unnecessary burden upon this Court."
 
 
 5
 This is unacceptable. We recognize that Bryant is proceeding pro se. But nine years ago we warned pro se litigants that they "should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument." McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984). Similarly, a general reference to the entire record filed in the district court is not enough to preserve issues for review. Compare Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir.1986) (reference to specific documents filed in the district court insufficient to preserve issue for review; issues must be argued in appellate brief). Bryant[1] has forfeited his appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)
 
 
 [1]
 We note that Bryant is not inexperienced in appellate practice. He prosecuted a consolidated appeal a few years ago in our court. See Bryant v. Williford, Nos. 87-2369 & 87-2571 (7th Cir. Dec. 4, 1989) (unpublished order)