106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David A. KALAN, Plaintiff-Appellant,
v.
MILWAUKEE COUNTY and City of Saint Francis., Defendants-Appellees.
 No. 96-1585.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 The present dispute arose when, in 1990, the municipal court in Saint Francis fined David Kalan because he failed to maintain a particular piece of property. Kalan and the City of Saint Francis then engaged in several rounds of state and federal litigation between 1990 and 1995. Kalan filed the present case in the district court on March 6, 1995. Kalan challenges the conveyance of certain property to the City of Saint Francis on constitutional grounds. He added Milwaukee County as a defendant because he claimed that the Milwaukee County Circuit Court had an obligation to correct certain records.
 
 
 2
 The district court dismissed Kalan's claim against Milwaukee County for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6) and dismissed his claim against the City of Saint Francis under the Rooker-Feldman doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Kalan's appeal does not mention the judge's dismissal of the case against Milwaukee County. As regards the claim against the City of Saint Francis and the Rooker-Feldman doctrine, Kalan's appellate brief does not make a cogent argument as to why the district court's order was erroneous. He cites no case law and makes no arguments as to why Rooker-Feldman does not bar his present claim other than repeating the facts of the case and stating the conclusion that the district court must be reversed. Therefore, Kalan's brief falls short of the requirements of Federal Rule of Appellate Procedure 28(a)(6), which states that an appellant's brief must "contain the contentions of the appellant ... and the reasons therefore, with citations to the authorities, statutes and parts of the record relied on." In short, Kalan has failed to make an argument on appeal. Although we construe pro se litigants' pleadings liberally, it is not the duty of this court to act as an advocate. Smith v. Town of Eaton, Ind., 910 F.2d 1469, 1471 (7th Cir.1990), cert. denied, 499 U.S. 962 (1991).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)