142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Debra KING, Plaintiff-Appellant,
v.
MCI TELECOMMUNICATIONS CORPORATION, Defendant-Appellee.
 No. 97-2083.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998[1].
Decided May 5, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 94 C 421 David H. Coar, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Debra King, a former executive secretary for defendant MCI Telecommunications Corporation, filed suit under Title VII of the Civil Rights Act of 1964, alleging sexual harassment, pregnancy discrimination, and race discrimination; MCI countered that King was terminated for excessive tardiness. After a trial without a jury, the district court made detailed findings, entered judgment for MCI, and subsequently denied her motion for reconsideration filed pursuant to Fed.R.Civ.P. 59(e).
 
 
 2
 The pro se brief filed by King fails to comply with federal rules, lacking many of the required sections and information. Fed. R.App. P. 28(a). In addition, King cites no case law in her brief, and instead filed a separate "Case Law Appendix," merely listing several Illinois cases and their holdings, but with no discussion of the cases. Nevertheless, we construe pro se briefs liberally, see Whitford v. Boglino, 63 F.3d 527, 535 n. 10 (7th Cir.1995) (per curiam ); Hilgeford v. Peoples Ban, 776 F.2d 176, 178 (7th Cir.1985) (per curiam ), and King at least presents comprehensible arguments in her brief.
 
 
 3
 King worked as an executive secretary for Michael Rogala, a sales manager at MCI, between April 1988 and February 1989. King conceded at trial that during much of this period, she had a problem arriving at work on time. In late January 1989, Rogala gave King a written warning that she would be terminated unless the tardiness stopped. Rogala testified that after King received the letter, she arrived late three days in a row, and on February 6, 1989, Rogala fired King.
 
 
 4
 The district court found that King failed to prove sexual harassment under either a quid pro quo or a hostile environment theory. The court found that "Rogala's sexual improprieties and behavioral peccadillos" did not create a "hostile work environment" and that the evidence failed to show "that his behavior was sufficiently severe or pervasive to alter King's employment conditions or to interfere unreasonably with her work performance." The court also found that King herself did not perceive Rogala's conduct as being discriminatory until at least December 1988. In addition, the district court found that King failed to prove a quid pro quo theory of harassment, because Rogala's conduct never actually "constituted a request or demand for sexual favors."
 
 
 5
 In regard to King's pregnancy discrimination claim, the district court assumed arguendo that King proved a prima facie case of pregnancy discrimination, and went on to find that MCI had established at trial a legitimate, non-discriminatory reason for terminating King's employment for tardiness, but that King had not shown the reason was pretextual.
 
 
 6
 In King's pro se brief on appeal, she makes no reference to race discrimination, and therefore that claim has been waived. See Sample v. Aldi, 61 F.3d 544, 551 n. 1 (7th Cir.1995).
 
 
 7
 King focuses her appeal on the question whether the evidence presented at trial establishes that she was not late after she received the warning letter, and if she was not, the real reason for her termination must have been sex discrimination. Our review of the district court's findings of fact following a bench trial is deferential, particularly where credibility findings are concerned, and we will not reverse absent clear error. Anderson v. Bessemer City, 470 U.S. 564, 573-75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Mathis v. John Morden Buick, Inc., 136 F.3d 1153, 1154 (7th Cir.1998).
 
 
 8
 The district court found that King did not correct her tardiness problem following her receipt in January 1989 of the final warning letter. King argues that there were some weaknesses in MCI's evidence on this point, principally that Rogala lied or was mistaken. She has not, however, persuaded us that Judge Coar clearly erred in believing Rogala.
 
 
 9
 It is not until the very end of her appellate brief that King makes a cursory, one-sentence attempt to tie her factual attack on the tardiness evidence to the sexual harassment and pregnancy-related claims. The entire extent of King's legal argument that she suffered sex discrimination is that if she was not fired for lateness following the warning letter, the termination was "because I did not accede to Mr. Rogala's cloaked sexual advances, and my condition as a pregnant, married woman compounded my non-response...." Appellant's Brief, pp. 14-15. The argument is not developed further, and this court will not create the argument for the appellant. "Even pro se litigants ... must expect to file a legal argument and some supporting authority." United States ex rel. Verdone v. Circuity Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995) (per curiam ). See also Fed. R.App. P. 28(a)(6); Smith v. Town of Eaton, 910 F.2d 1469, 1471 (7th Cir.1990); Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990). A plaintiff who appeals a judgment entered in favor of the defendant must tell us why the district court was wrong. See McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 10
 In any event, even were the proper claims raised and developed into a full argument on appeal, we still would hold that the conduct did not constitute either sexual harassment or pregnancy discrimination. The trial judge conducted a full and fair trial, with a thorough exploration of the factual and legal contentions made and evidence offered by the parties, and he made detailed and well-supported findings of fact and conclusions of law. We have carefully reviewed the lengthy record and because King has failed to establish that the district court's findings were clearly erroneous or that they did not support the judgment, we AFFIRM.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)