**Frances L. ASHTON, Plaintiff–Appellant,**

v.

**CITY OF INDIANAPOLIS, et al., Defendants–Appellees.**

No. 03–1634.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 3, 2003.*

Decided Feb. 27, 2004.

Frances L. Ashton, Beech Grove, IN, for Plaintiff–Appellant.

Robin M. Lybolt, Office of the Corporation Counsel, Indianapolis, IN, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Frances Ashton, a sergeant with the Indianapolis Police Department ("IPD" or "Department"), filed a complaint alleging as relevant here that officials from the City of Indianapolis violated her right to due process under 42 U.S.C. § 1983 by imposing two one-day suspensions without giving her sufficient opportunities to present her evidence to the Department's internal review board. The district court granted summary judgment to the City. Ashton appeals, and we affirm.

Ashton's due process claim–the only claim she properly raises on appeal, *HALO Indus., Inc. v. CenterPoint Properties Trust*, 342 F.3d 794, 801 n. 4 (7th Cir.2003) (issues not raised on appeal are waived)–arises out of two disciplinary violations she received for using profanities or for being rude or discourteous to other officers. The first violation followed a traffic stop Ashton made in December 2000. Ashton requested identification from the driver, whom she believed was attempting to impersonate a police officer to avoid receiving a traffic ticket; she later learned, however, that the driver was a retired veteran of the IPD. Although Ashton did not issue a ticket, she received a disciplinary report for improper treatment of a veteran police officer. After Ashton filed a grievance and presented information to the internal review board, she received a one-day suspension. The second violation, in February 2001, resulted from an argument Ashton had with another officer in which she was rude and used profanities. Ashton participated in an internal hearing before receiving a one-day suspension. After receiving right-to-sue letters from the EEOC, Ashton filed this suit.

In granting summary judgment to the City on Ashton's due process claim, the district court determined that Ashton did not have a property interest in a suspension of ten days or less. Specifically, the district court considered the relevant Indiana statutes regulating personnel decisions within the police department, Ind. Code §§ 36–8–3–4, 36–8–3.5–1, and noted that the statutes provided appeal procedures only for suspensions of more than ten days. The district court concluded that because Ashton had no property interest, she suffered no deprivation of her right to due process.

On appeal Ashton contends that the district court erred when it concluded that the one-day suspensions did not violate her right to due process, arguing primarily that Indiana statutes conferred a property right in continued employment, which was implicated by any disciplinary sanction–such as a suspension–resulting in an interruption of employment. To be entitled to due process, an employee must first prove that she has a property right in continued employment. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In *Smith v. Town of Eaton*, 910 F.2d 1469, 1471 n. 4 (7th Cir.1990), we stated that under the same Indiana statutes considered by the district court, a suspension of any length constituted the deprivation of a property interest. Accordingly, we cannot agree with the district court that our case law supports the conclusion that Ashton did not have a property right in a suspension of ten days or less.

Nevertheless, the IPD did not violate Ashton's right to due process. Even if we assume that Ashton's one-day suspensions infringed a protected property interest that could not be taken away without due process, *cf. Gilbert v. Homar*, 520 U.S. 924, 929, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997); *Draghi v. County of Cook*, 184 F.3d 689, 693 (7th Cir.1999), she received all of the process she was due. A hearing sufficient to satisfy the requirements of due process need not be a "full evidentiary

hearing" including all of the protections of a trial; it need provide only the procedural safeguards of notice and the opportunity to be heard. *Greer v. Amesqua,* 212 F.3d 358, 367–68 (7th Cir.2000); *see Loudermill,* 470 U.S. at 546–47. With regard to the December 2000 incident, Ashton did not receive a hearing, but she admits that before being suspended she received a letter informing her of the charge, and that she was able to file a grievance responding to the Internal Affairs investigative report. And before imposing the suspension for the February 2001 incident, the IPD conducted a hearing at which Ashton was represented by an attorney, presented evidence, called witnesses, and afterwards was permitted to submit a memorandum summarizing the evidence she did not have time to present at the hearing. Thus, in both cases Ashton received notice and an opportunity to be heard; due process required no more. *See Loudermill,* 470 U.S. at 546; *Greer,* 212 F.3d at 367.

On appeal Ashton raises for the first time numerous other arguments–such as that the IDP violated her substantive due process rights by imposing the suspensions, that Indiana's merit law is unconstitutional, and that the definition of "just cause" in Indiana's merit law requires a finding that the IPD's disciplinary decisions violated her right to due process–but arguments such as these that were not presented to the district court are waived. *See Schoenfeld v. Apfel,* 237 F.3d 788, 793 (7th Cir.2001). She also mentions a discrimination claim, but this point is so undeveloped in her brief that it too is waived. *Duncan v. State of Wis. Dept. of Health & Family Servs.,* 166 F.3d 930, 934 (7th Cir. 1999).

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

AFFIRMED.