70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eric E. LONGEST, Plaintiff-Appellant,
v.
John H. DALTON, Secretary of the Navy, and W. Dean Pfeiffer,
Executive Director for Board of Corrections of
Naval Records Defendants-Appellees.
 No. 94-3951.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 7, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 I. Background
 
 1
 This case concerns Longest's attempts to have the Navy reinstate him and/or to change his discharge status. The Navy gave Longest an honorable discharge and gave him a reenlistment code which precluded further service in the armed forces. Longest applied to the Naval Discharge Review Board (NDRB) which, while upgrading his discharge status, noted that it had no jurisdiction to change a reenlistment code or to order reinstatement into the Navy. (Administrative Record II, at 79.) Longest then applied to the Board of Correction of Naval Records (BCNR) seeking reinstatement and a more favorable reenlistment code. The BCNR denied this application. (Administrative Record I, at 78.)
 
 
 2
 Longest then brought the present suit. His original and amended complaints were barely comprehensible and did not allege a basis for relief. (See R. 1; R. 14.) The lower court granted defendants' Motion for Summary Judgment, finding: Longest failed to state a claim upon which relief may be granted; the Navy's discharge of Longest was a non-reviewable decision subject only to the constraints of the Constitution, Federal Statutes and Military Regulations; and that neither the Navy's decision to discharge Longest nor the BCNR's failure to reinstate him was arbitrary or capricious.
 
 II. Analysis
 
 3
 While we agree with the district court that Longest presents a sympathetic case, (R. 31 at 2), we conclude that Longest does not bring a valid appeal and therefore we must dismiss. In his appeal, Longest cites no legal authority and presents no basis upon which the lower court's order should be overturned. An appellant's brief must "contain the contentions of the appellant ... and the reasons therefore, with citations to the authorities, statutes, and parts of the record relied on." Fed.R.App.Pro. 28(a)(6). The closest Longest comes to addressing the lower court's order is his contention that he does state a claim based upon the NDRB's decision to upgrade his military status. According the Longest, the NDRB's decision shows that his "rights were violated under CR-4." (Appellant's Brief at G.) It is not clear what Longest is referring to. However, the NDRB's findings were limited to determining what type of discharge was appropriate for Longest. The NDRB has "no authority to change reenlistment codes or make recommendations to permit reentry into the naval service." (Administrative Record II, at 79). Thus, the NDRB's findings do not in any way affect our view of the Navy's decision to discharge Longest or the BCNR's decision on his reinstatement or reenlistment code.
 
 
 4
 Longest does not in any other way address the district court's order granting summary judgment for the defendants. Beyond the above mentioned quote, the only legal basis he mentions for relief is Sec. 1983. This statute would of course only be applicable if State action were involved. Even if we were to construe this as an attempt to bring a Bivens action, Longest does not in any way claim that the Navy's action was unconstitutional. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). In addition, Longest does not address the district court's conclusion that the military has great discretion in personnel matters and that its decisions are only subject to review for being arbitrary and capricious.
 
 
 5
 In sum, Longest has not presented an argument on appeal. And while a pro se litigant's pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), the present appeal provides nothing for us to construe. While we understand the difficulties with which a pro se litigant is confronted, it is not the duty of this court to act as an advocate. Smith v. Town of Eaton Ind., 910 F.2d 1469, 1471 (7th Cir.1990), cert. denied, 499 U.S. 962 (1991) ("[W]e have stated repeatedly that this court cannot be called upon to supply the legal research and organization to flesh out a party's argument."). The district court concluded that Longest could not prevail as a matter of law. Longest has not presented a substantial argument on appeal as to why we should reverse the lower court.
 
 
 6
 The district court's order granting summary judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record