124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eric E. LONGEST, Plaintiff-Appellant,
v.
John H. Dalton, Secretary of the Navy, and W. Dean Pfeiffer,
Executive Director for Board of Correction of
Naval Records, Defendants-Appellees.
 No. 97-1318.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 7, 1997.*
Aug. 11, 1997.
Rehearing Denied Sept. 11, 1997.
 
 1
 Appeal from the United States District Court for the Central District of Illinois
 
 
 2
 Before Hon. Richard A. Posner, Chief Judge Hon. Frank H. Easterbrook, Circuit Judge Hon. Daniel A. Manion, Circuit Judge
 
 ORDER
 BERNTHAL
 
 3
 Eric Longest filed a pro se complaint pursuant to 28 U.S.C. § 1346(a)(2), alleging that he was wrongfully discharged from the United States Navy for a personality disorder, and challenging the administrative decision of the Board of Correction of Naval Records, which refused to alter Longest's reenlistment code and reinstate him in the Navy. The magistrate judge dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) upon res judicata grounds.[1] He also denied Longest's motion to add two new parties and a Federal Tort Claims Act medical malpractice claim, the latter also on res judicata grounds. Longest appeals the magistrate judge's dismissal of his complaint, but the one-half page argument in his brief does not challenge the magistrate judge's conclusion that resjudicata bars his complaint. Rather, it appears to be a rebuttal of a dismissal based upon statute of limitation grounds that was not mentioned in the magistrate judge's order of dismissal. Because Longest has failed to challenge the stated grounds for dismissal, the district court's Rule 12(b)(6) dismissal is AFFIRMED.[2]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 This court affirmed the grant of summary judgment in favor of Dalton and Pfeiffer in Longest v. Dalton, No. 94-3951, 1995 WL 663205 (7th Cir. Nov. 7, 1995) on Longest's challenge to the Navy's refusal to reenlist him or change his discharge status. Although the district court's order dismissed Longest's complaint ostensibly pursuant to Rule 12(b)(6), the body of the court's opinion indicates that the court actually granted the appellee's alternative motion for summary judgment upon res judicata grounds
 
 
 [2]
 We must also note that Longest's brief does not include the jurisdictional statement mandated by Federal Rule of Appellate Procedure 28(a)(2) and Circuit Rule 28(b)(1)(2), nor does it include a statement of the issues presented for review, a statement of the case, a summary of the argument, or a short conclusion stating the precise relief sought, in violation of Federal Rules of Appellate Procedure 28(a)(3)(4)(5) and (7). Although Longest is a pro se plaintiff, such disregard of the rules is unacceptable